## AFFIDAVIT

I, Reggie Johnson, being duly sworn, state as follows:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been with the Border Patrol since September 2006. I am currently assigned as a Border Patrol Agent at the Newport, Vermont Border Patrol Station, Swanton Sector.

2. This affidavit is offered to demonstrate that probable cause exists to believe that Oscar Enrique FUNEZ-PINEDA, a.k.a. Enrique Vega, an alien, was found in the United States at Norton, Vermont, after having been previously denied admission, excluded, deported or removed from the United States, and not having obtained express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. §1326(a).

3. This affidavit is based on my own personal knowledge and on information I have obtained from other law enforcement agents working on the investigation and does not include every fact known to law enforcement about the events described below.

4. On Sunday, February 13, 2011, at approximately 5:00 a.m., Border Patrol Agent Joshua Hartness encountered a van with Maryland registration 343 79M9, on Route 114 in Norton, approximately two miles south of the Gagnon Road. The vehicle was traveling approximately five to ten miles an hour, as if approaching an area where the vehicle wanted to stop. This area of Route 114 is very remote and is commonly used as a dropping off point for persons being smuggled into Canada.

5. Agent Hartness followed the vehicle for two miles and stopped the vehicle on Route

114 at the intersection with the Gagnon Road. The driver identified himself as a citizen of El Salvador, present in the United States pending Temporary Protective Status. The front passenger identified himself as a Guatemalan Citizen, present in the United States on a valid B-2 visitors visa. The third person in the vehicle did not identify himself, but indicated that he was a United States citizen. All subjects were transported back to the Border Patrol Station at Beecher Falls for further records checks and investigations.

6. At the station, agents fingerprinted the third person in the vehicle and submitted the prints to IAFIS in an attempt to ascertain his identity. Initially, IAFIS indicated that no records matched the prints for this person. A second set of fingerprints were taken and submitted to IAFIS again. IAFIS then returned a match for this person and indicated that the name of the third person in the vehicle was Oscar Enrique FUNEZ-PINEDA. A fingerprint examiner was contacted regarding the IAFIS match and this examiner independently verified that the prints belonged to FUNEZ-PINEDA.

7. The fingerprints for FUNEZ-PINEDA were also sent to IDENT. IDENT and IAFIS are both biometric databases that contain criminal and immigration records. Immigration records revealed that FUNEZ-PINEDA had been previously removed from the United States under the name of Enrique Vega.

8. FUNEZ-PINEDA was read his Miranda rights which he agreed to waive. FUNEZ-PINEDA indicated to agents that he was removed from the United States in 2008 and that he returned four months ago by crossing into the United States at El Paso. He stated he is a citizen of Honduras and that in his previous deportation he used the alias Enrique Vega. He further stated he had been living in Denver, Colorado since his return and was in the process of

being smuggled into Canada for a fee of $2500.

9. Additional record checks revealed the following:

a. On May 11, 2000, an Immigration Judge in Atlanta, Georgia ordered Enrique Vega removed from the United States *in absentia.*

b. Fingerprints for Enrique Vega match the fingerprints for FUNEZ-PINEDA.

c. On February 12, 2008, FUNEZ-PINEDA was sentenced on a conviction for Sexual Assault of a Child in Colorado.

d. On March 25, 2008, FUNEZ-PINEDA was physically removed from the United States and returned to Honduras.

10. Prior to his entry into the United States, FUNEZ-PINEDA did not receive express consent from the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States.

Dated at Burlington, in the District of Vermont on this ___ day of February, 2011.

_____  02/14/2011
REGGIE JOHNSON
BORDER PATROL AGENT
DEPARTMENT OF HOMELAND SECURITY

Sworn to and subscribed before me this 14th day of February, 2011.

_____
HONORABLE JOHN M. CONROY
UNITED STATES MAGISTRATE JUDGE